IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>MICHAEL DEWAYNE BELL,  )<br>)<br>Defendant.  ) | Case No. 06-CR-140 -GKF |

**O P I N I O N   A N D   O R D E R**

This matter comes before the court on defendant's Motion for New Trial [Doc. No. 189] filed pursuant to Fed.R.Crim.Proc. 33(b)(1). For the reasons set forth below, defendant's motion is denied.

On May 2, 2007, defendant Michael Dewayne Bell was convicted of aggravated bank robbery, in violation of 18 U.S.C. §2113(a) and (d), and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §924(c)(1)(A)(ii). [Doc. No. 128]. Defendant's Motion for Acquittal [Doc. No. 132], Motion for New Trial [Doc. No. 140] and Motion for Judgment of Acquittal [Doc. No. 141] were denied [Doc. No. 150] and he was sentenced to life imprisonment pursuant to the "Three Strikes" provision of 18 U.S.C. §3559(c) [Doc. Nos. 154, 155]. Defendant appealed, and on August 26, 2008, the Tenth Circuit Court of Appeals affirmed his conviction and sentence. [Doc. No. 185].

Defendant now asserts he is entitled to a new trial pursuant to Rule 33(b)(1) on the grounds of newly discovered evidence as follows:

(1) The prosecution withheld evidence that was favorable and material to the defense in violation of *Brady v. Maryland,* 373 U.S. 83 (1963), specifically the statement of a witness,

Beverly Koehler, identifying another individual–Derrick Williams–as the bank robber. Defendant argues the alleged failure to turn over the Koehler statement also violated Fed.R.Crim.Proc. 16(a)(1) regarding production of documents material to the defense of the case and Fed.R.Crim.Proc. 26.2 regarding production of statements of trial witnesses.

(2) the government failed to subpoena Janice Marsh to testify as an alibi witness on behalf of defendant and failed to comply with Fed.R.Crim.Proc. 12.1.

[Doc. Nos. 189, 191].

## I.  Analysis

Rule 33. New Trial provides:

**(a) Defendant's Motion.**  Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires.  If the case was tried without a jury, the court may take additional testimony and enter a new judgment.

**(b) Time to File.**

**(1) Newly Discovered Evidence.**  Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty.  If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.

**(2) Other Grounds.**  Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty.

Fed.R.Crim.Proc. 33.  Rule 33 authorizes trial courts to grant new trials "if the interest of justice so requires."  *United States v. Herrera,* 481 F.3d 1266, 1279 (10th Cir. 2007).

### A.  Newly Discovered Evidence

"A motion for new trial based on newly discovered evidence is not favorably regarded and should be granted only with great caution."  *United States v. Trujillo,* 136 F.3d 1388, 1394 (10th Cir. 1998) (quotations and citations omitted).  Where–as here–a *Brady* violation is asserted,

defendant must demonstrate that (1) the prosecution suppressed evidence, (2) the evidence was favorable to the defendant, and (3) the evidence was material. *United States v. Combs,* 267 F.3d 1167, 1172 (10th Cir. 2001).

Defendant's alleged "newly discovered evidence" is that "Defense Witness Beverly Keohler, who was a witness to the actual crime and particular robbery in question did not identify Mr. Bell as the robber of the Bank, but rather, identified Derrick Williams as the robber of the Arvest Bank." [Doc. No. 189, p. 2]. Bell contends he discovered the new evidence "upon receipt of his direct appeals brief" filed by his attorney, dated March 13, 2008. [Doc. No. 197, p. 2].

However, at the pretrial conference on April 26, 2007, counsel for defendant, Michael G. McGuire, advised the court he had given defendant everything the government had turned over to him except evidence subject to a protective order. [Doc. No. 174-2, Transcript of Pretrial Conference, pp. 10-11]. The court noted that evidence would be given to Bell at the "appropriate time." [*Id.*]. McGuire also advised the court he had given defendant the complete discovery file from the government, pages 1 through 362, and counsel for the government stated that the defendant had all documents produced by the government. [*Id.*].

Further, defendant's argument is belied by that fact that during the trial, defendant (who acted as his own counsel during trial and conducted most of the cross-examination of government's witnesses) questioned Tulsa Police Corporal Bruce Alexander extensively about Koehler's identification of Derrick Williams as the person in a surveillance photograph taken during the bank robbery, and attempted unsuccessfully to introduce into evidence Koehler's

3

witness statement. [Doc. No. 162, Trial Transcript pp. 88-93, 96-97, 109].[1]

Thus, the court rejects defendant's allegation that the Koehler statement is "newly discovered evidence" the government failed to turn over in violation of Fed.R.Crim.Proc. 16(a)(1) and Fed.R.Crim.Proc. 26.2.

### B. Janice Marsh

Defendant also contends that the government's failure to serve his aunt, Janice Marsh, with a subpoena to testify in his trial warrant a new trial. [Doc. No. 189, pp. 4-5]. Marsh, he contends, would have provided an alibi for him. [*Id.*]. Defendant previously raised this issue in his motions for new trial and acquittal [Doc. Nos. 132; 140, p. 5; 141, p. 5], and the trial court rejected his claim. [Doc. No. 150]. The same argument was raised again on appeal, and the Tenth Circuit similarly rejected it. [Doc. No. 185, pp. 6-7].[2]

---

[1] Alexander, who investigated the robbery, testified that he interviewed Derrick Williams on April 23, 2006, because Williams claimed he had information about the robbery. [Doc. No. 162, Trial Transcript, pp. 88-89]. Alexander initially believed Williams looked like the person shown in surveillance photographs of the robbery. [*Id.,* pp.89-90]. Upon learning that Koehler had a relationship with Williams, he showed her the photographs and she identified the robber as Derrick Williams. [*Id.,* pp. 90-91]. Alexander testified he later identified Bell after seeing his DOC photo [*Id.,* p. 94], and his earlier identification of Williams as the robber was inaccurate. [*Id.,* p. 107].

[2] Defendant asserts the government also failed to comply with Fed.R.Crim.Proc. 12.1, which deals with the parties' obligations to disclose alibi defenses and rebuttals to such defenses. However, he does not identify anything the government failed to produce in violation of Rule 12.1.

## II. Conclusion

For the reasons set forth above, defendant's Motion for New Trial [Doc. No. 189] is denied.

ENTERED this 8th day of January, 2010.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma