# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 06-CR-140-01-GKF |
| | ) |
| MICHAEL DEWAYNE BELL, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

On December 12, 2011, defendant Michael Dewayne Bell, a federal inmate appearing *pro se,* filed a "Motion Pursuant to F.R.Civ.P. 60(b)(4) (6)." [Dkt. #284]. On March 19, 2012, he filed a "'Motion for Leave to Supplement Complaint' Motion to Supplement Pleadings/Expand Pursuant to Fed.R.Civ.P. 15(c)(1) & (d) Motion Pursuant to F.R.Civ.P. 60(b)(4)(6)." [Dkt. #286]. In his motions, defendant attacks the court's prior denial of his 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence entered on December 22, 2010 [Dkt. #262]. The record reflects that defendant appealed the denial of his § 2255 motion to the Tenth Circuit Court of Appeals. On October 28, 2011, the Tenth Circuit denied a certificate of appealability and dismissed the appeal. [Dkt. #283].

In *Lopez v. Douglas,* 141 F.3d 974, 975 (10th Cir. 1998), The Tenth Circuit announced a rule that treats Fed.R.Civ.P. 60(b) motions in habeas proceedings as second or successive habeas petitions for purposes of 28 U.S.C. § 2244(b). The Supreme Court has clarified, however, that not all Rule 60(b) motions constitute second or successive petitions. *See Gonzalez v. Crosby,* 545 U.S. 524 (2005). Some Rule 60(b) motions are in fact "true" Rule 60(b) motions, free from

§ 2244's requirements. *Id.* at 533. Other Rule 60(b) motions assert or reassert federal bases for relief from the underlying conviction and are properly considered second or successive habeas corpus petitions. *Id.* at 530-31. In *Spitznas v. Boone,* 464 F.3d 1213 (10th Cir. 2006), the Tenth Circuit provided guidance for applying the *Gonzalez* holding to Rule 60(b) motions filed in habeas corpus cases, directing as follows:

> If the district court concludes that the motion is a true Rule 60(b) motion, it should rule on it as it would any other Rule 60(b) motion. If, however, the district court concludes that the motion is actually a second or successive petition, it should refer the matter to this court for authorization under § 2244(b)(3). See 28 U.S.C. § 1631 (authorizing transfer of civil action or appeal filed without jurisdiction, in the interest of justice, "to any other court in which the action or appeal could have been brought at the time it was filed or noticed"); Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997) (per curiam). In the case of a "mixed" motion-that is, a motion containing both true Rule 60(b) allegations and second or successive habeas claims-the district court should (1) address the merits of the true Rule 60(b) allegations as it would the allegations in any other Rule 60(b) motion, and (2) forward the second or successive claims to this court for authorization.

Spitznas, 464 F.3d at 1217. Defendant alleges the court failed to address the following issues he raised in his § 2255 motion and numerous supplements:

1. Defendant's argument of ineffective assistance of counsel because his attorney failed on appeal to challenge the "prejudicial spillover" effect of evidence introduced to support counts (for alleged violation of 18 U.S.C. §§ 922(g)(1) and 924(e)) that were dismissed at the close of the government's case.

2. Defendant's argument of ineffective assistance of counsel because his attorney failed on appeal to challenge admissibility of a DVD of the robbery from the bank's surveillance camera.

3. Defendant's argument of ineffective assistance of counsel because his attorney failed to challenge sufficiency of evidence to convict him of possession of a fire arm in the furtherance of a crime of violence and armed robbery.

4. Defendant's argument of ineffective assistance of counsel because his attorney failed to raise on appeal the denial of his right to a speedy trial; and

5. Defendant's argument of ineffective assistance of counsel because his attorney failed to raise on appeal the court's failure to grant his motions to sever the trial.

[Dkt. ##284, 286].

## Issues 1, 3 and 4

The court addressed issues 1, 3, and 4 at pages 10 and 17 of its order denying defendant's 2255 motion. [Dkt. #262]. With respect to these issues, the Rule 60(b)(6) motion is a second or successive § 2255 motion filed without prior authorization from the Tenth Circuit. *See Gonzalez v. Crosby,* 545 U.S. 524 (2005) (finding that a motion for relief from judgment, seeking to advance one or more substantive claims, qualified as a "second or successive habeas petition"); *see also Lopez v. Douglas,* 141 F.3d 974 (10th Cir. 1998); *Felker v. Turpin,* 101 F.3d 657, 661 (11th Cir. 1996) (stating that "Rule 60(b) cannot be sued to circumvent restraints on successive habeas petitions"). Because defendant filed his motion without first receiving authorization from the Tenth Circuit Court of Appeals, this court lacks jurisdiction to consider issues 1, 3 and 4 of the motion. *Lopez,* 141 F.3d at 975-76. Defendant is required to comply with the AEDPA's relevant provisions and must obtain prior authorization from the Tenth Circuit Court of Appeals before filing a second or successive § 2255 motion in this district court. 28 U.S.C. § 2255(h).

## Issues 2 and 5

The court's order on defendant's § 2255 motions did not directly address issues 2 and 5. With respect to these two issues, since defendant "asserts a defect in the integrity of the federal habeas proceedings," as opposed to an error in the Court's resolution of the merits of his claims, the motion is a "true" Rule 60(b) motion, rather than a second or successive § 2255 motion. *See Spitznas v. Boone,* 464 F.3d 1213, 1224-25 (10th Cir. 2006); *see also United States v. Cleaver*, 319 Fed.Appx. 728, 729 (10th Cir. 2009) (unpublished) (Rule 60(b) motion based on government's failure to serve its response on petitioner and subsequent denial of opportunity to file a reply is a "true" Rule 60(b) motion).

Rule 60(b)(6) "is a catchall provision, allowing relief from judgment for 'any other reason justifying relief.'" *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1248 (10th Cir. 2007) (quoting Fed. R. Civ. P. 60(b)(6)). "Relief under Rule 60(b)(6) is extraordinary and may only be granted in exceptional circumstances." Id. at 1248 (quotations omitted). Relief under Rule 60(b)(6) "will rarely occur in the habeas context." *Omar-Muhammad v. Williams*, 484 F.3d 1262, 1264 (10th Cir. 2007) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).

Defendant's claims do not rise to the level of "exceptional circumstances." With respect to the DVD issue, defendant failed to object during trial to admission of the surveillance video. Nevertheless, he contends his attorney should have argued on appeal that the DVD of the surveillance video had been tainted or altered. [Dkt. #206 at 34]. Under Fed.R.Ev. 103, defendant may only claim error based on the admission of the DVD if he properly preserved the claim by objecting to the admission or if the court finds the DVD's admission was "a plain error affecting a substantive right." Defendant offered *no* proof the DVD had been altered; thus no showing of plain error was ever made. His attorney's failure to raise the DVD issue on appeal did not constitute ineffective assistance of counsel because the argument was meritless. *See United States v. Cook,* 45 F.3d 388, 393 (10th Cir. 1995).

Defendant also contends his attorney was ineffective because he failed to object on appeal to the trial court's failure to sever his claims. The Tenth Circuit, however, directly addressed the severance issue in its order denying defendant's appeal:

> Bell filed two pro se motions requesting a separate trial from his co-defendant, Mark Brown. Before the trial, Brown pleaded guilty in this case. Thus, at the pre-trial hearing, the [court] ruled that Bell's motions to sever the trial were moot. On appeal, Bell appeals the district court's ruling. His counsel, however, admits that the motion to sever was moot and therefore the claim is without merit. We agree.

4

*United States v. Bell,* 290 Fed. Appx. 178, 183 (10th Cir. 2008).

Defendant's Rule 60(b)(6) motion shall be summarily denied.

**Certificate of Appealability**

A movant is required to obtain a certificate of appealability to appeal from the denial of a Rule 60(b) motion. Spitznas, 464 F.3d at 1218. Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A movant can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a movant must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484. In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the denial of Defendant's Rule 60(b)(6) motion is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**Conclusion**

With respect to issues 1, 3 and 4, defendant's "Motion Pursuant to F.R.Civ.P. 60(b)(4)(6)" [Dkt. #284] and "'Motion for Leave to Supplement Complaint' Motion to Supplement Pleadings/Expand Pursuant to Fed.R.Civ.P. 15(c)(1) & (d) Motion Pursuant to F.R.Civ.P.

60(b)(4)(6)" [Dkt. #286] are dismissed for lack of jurisdiction. With respect to issues 2 and 5, the motions [Dkt. ##284, 286] are denied. A certificate of appealability as to those issues is denied.

ENTERED this 27th day of March, 2012.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT