**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MICHAEL DEWAYNE BELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case Nos. 6-cr-140-GKF |
| ) | 10-cv-138-GKF-TLW |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

On March 4, 2013, Michael Dewayne Bell ("Bell"), a federal inmate appearing *pro se*, filed a motion purportedly based on Fed. R. Civ. Pro. 60(d)(3) [Dkt. # 329]. Bell alleges the government

> "committed fraud upon the court by misrepresenting [his] claim concerning a denial of his right to effective assistance of counsel during post-trial and direct appeal proceedings, and a right to a fair trial, and a right to be free from prosecutorial misconduct and vindictive prosecution, by failing to rebut the claims that [Bell] stated in his initial § 2255. Thereby [sic] preventing the Court from adjudicating these claims."

[Dkt. # 329 at 3].[1] For the reasons discussed below, the court dismisses Bell's motion without prejudice as a second or successive 28 U.S.C. § 2255 motion filed without prior authorization from the Tenth Circuit Court of Appeals.

Bell is in custody pursuant to conviction of aggravated bank robbery and firearms offenses. *See* Dkt. # 155. He was sentenced to life imprisonment on both counts. *Id.* The Tenth Circuit Court of Appeals affirmed the convictions and sentence [Dkt. # 185], and the Supreme

---

[1] Bell's purported second issue is a merely a rewording of the first.

Court denied a writ of certiorari [Dkt. # 188]. Subsequently, Bell filed a Motion for New Trial and a supplement to the Motion for New Trial [Dkt. ## 189, 191]. The motion, as supplemented, was denied. [Dkt. # 199]. Bell then filed multiple motions under 28 U.S.C. § 2255. *See* Dkt. ## 204, 206, 216, 260, 269, 284, 316 (dismissing Dkt. # 315 as a second or successive § 2255 motion filed without prior permission from the Tenth Circuit). In addition, he filed numerous supplements to his § 2255 motions. [Dkt. ## 205, 209, 212, 213, 219, 223, 230, 232]. The court denied these motions. [Dkt. ## 260, 262].

Finally, Bell filed 60(b) motions in which he asserted the court had failed to address five issues raised in his § 2255 motions. [Dkt. ## 284, 286]. The court dismissed the motions for lack of jurisdiction with respect to three of the issues and denied the motions with respect to the remaining two issues. [Dkt. # 289]. The Tenth Circuit denied Bell's three motions for a Certificate of Appealability related to his § 2255 claims [Dkt. ## 283, 314, 327], and the Supreme Court denied his two petitions for writ of certiorari on postconviction grounds [Dkt. ## 305, 333].

Anticipating recharacterization of his motion as a second or successive habeas petition, Bell requests the court apply *Castro v. United States*, 540 U.S. 375, 377, 124 S. Ct. 786, 789, 157 L. Ed. 2d 778 (2003), requiring that courts give notice of their intent to recharacterize a filing as a first § 2255 motion and allow litigants the opportunity to withdraw or amend the filing. Bell's citation is misplaced, as *Castro* applies to recharacterization of a motion as the litigant's "*first* § 2255 motion." *Id.* (emphasis added); *U.S. v. Torres*, 282 F.3d 1241, 1246 (10th Cir. 2002) (noting that the policy concerns requiring notice of recharacterization do not apply to second or subsequent petitions). As detailed above, Bell has already filed multiple motions under § 2255,

and therefore none of his current filings, if recharacterized, can be deemed a first motion under § 2255.  *See United States v. Bell*, 511 F. App'x 720, 722 (10th Cir. 2013) ("[T]o the extent Bell contends that the district court should have notified him before recharacterizing his motion for leave to amend as a § 2255 motion, that restriction does not apply where a petitioner has previously filed a § 2255 motion.").  The court therefore need not allow Bell an opportunity to withdraw or amend his Rule 60(d) motion.

By citing Rule 60(d), Bell is attempting to circumvent the limitations on successive § 2255 motions.  Allowing defendants to avoid the bar against successive § 2255 motions by "simply styling a petition under a different name would severely erode the procedural restraints imposed under 28 U.S.C. §§ 2244(b)(3) and 2255."  *United States v. Torres*, 282 F.3d 1241, 1246 (10th Cir. 2002).  The Tenth Circuit Court of Appeals has specifically cautioned litigants against "spurious attempts to re-cast substantive habeas arguments in the guise of 'fraud on the court.'"  *Spitznas v. Boone*, 464 F.3d 1213, 1216 n.4 (10th Cir. 2006).  While the court construes *pro se* pleadings liberally, this rule does not relieve petitioners of the burden to present sufficient facts to state a legally cognizable claim.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Though he characterizes his argument as an allegation of fraud on the court, Bell has identified no facts supporting such a claim.  Contrary to Bell's allegations, the court has already addressed all of Bell's initial § 2255 claims.  Bell contends the court has never addressed his claim that counsel was ineffective for failing to argue that a DVD containing security camera footage of the robbery had been altered.  [Dkt. # 329 at 12].  The court directs Bell to the order of March 27, 2012, in which the court determined that "[counsel's] failure to raise the DVD issue on appeal did not constitute ineffective assistance of counsel because the argument was

meritless." [Dkt. # 289 at 4-6]. Even if 60(d) applied in this case, Bell's rank speculation cannot approach satisfying the standard of clear and convincing evidence of a fraud on the court. *See O'Brien v. Mitchell*, 883 F. Supp. 2d 1055, 1083 (D.N.M. 2012).

Because these issues have already been determined, Bell's Rule 60(d) motion is a successive § 2255 motion. *See Schlup v. Delo*, 513 U.S. 298, 319, 115 S. Ct. 851, 863, 130 L. Ed. 2d 808 n.34 (1995) ("A successive petition raises grounds identical to those raised and rejected on the merits on a prior petition.") (citations omitted). Bell must comply with the AEDPA's relevant provisions and obtain prior authorization from the Tenth Circuit Court of Appeals before filing a successive § 2255 motion in this district court. *See* 28 U.S.C. §§ 2255(h), 2244(a). As he has not done so, this court lacks jurisdiction over his motion.

The Tenth Circuit Court of Appeals has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). Factors considered in deciding whether transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction. *Id.* at 1251 (citing *Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006)). "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization." *Id.* at 1252 (citing

*Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999) (noting it is a waste of judicial resources to require the transfer of frivolous and time-barred cases)).  As none of the factors supporting transfer are present in this case, it would be a waste of judicial resources to transfer the motion to the Tenth Circuit for authorization.  The court dismisses Bell's motion for lack of jurisdiction as a second or successive § 2255 motion filed without prior authorization from the Tenth Circuit.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Bell's motion titled "Motion Pursuant to FRCrP 60(d)(3) for Relief from Judgment Due to Government's Fraud Upon the Court" is **DISMISSED** without prejudice for lack of jurisdiction as a second or successive 28 U.S.C. § 2255 motion filed without prior authorization from the Tenth Circuit Court of Appeals.

**DATED** this 16th day of October, 2013.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT