**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MICHAEL DEWAYNE BELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case Nos. 06-CR-140-GKF |
| ) | 10-CV-138-GKF-TLW |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

On August 22, 2013, Michael Dewayne Bell ("Bell"), a federal inmate appearing *pro se*, filed a motion titled "Motion pursuant to F.R. CIV. P. 60(b)(4) & (6)" [Dkt. # 334]. Bell alleges the court failed to address his claim that the transcript of a hearing on his waiver of counsel "clearly shows the court lost jurisdiction and failed to read [him] his 'Faretta rights.'" [Dkt. # 334 at 9].

Bell is in custody pursuant to conviction of aggravated bank robbery and related firearms offenses. [Dkt. # 155]. After Bell had rejected two attorneys, his third appointed counsel filed a motion in which he advised the court that Bell objected to his continued representation and asked the court to set a hearing to determine whether defense counsel should continue as attorney of record for Bell. [Dkt. # 70]. United States District Judge H. Dale Cook[1] held two hearings, at the end of which he granted Bell's oral motion to proceed *pro se*. [Dkt. ## 74, 171-72]. Upon trial, the jury convicted Bell of both counts and sentenced him to life imprisonment pursuant to 18 U.S.C. § 3559(d). [Dkt. # 155]. The Tenth Circuit Court of Appeals affirmed the convictions and sentence [Dkt. # 185], and the Supreme Court denied a writ of certiorari [Dkt. # 188].

---

[1] This case was randomly reassigned on April 15, 2009 to the undersigned after the death of Judge Cook in 2008.

Subsequently, Bell filed a Motion for New Trial and a supplement to the motion [Dkt. ## 189, 191]. The motion, as supplemented, was denied. [Dkt. # 199]. Bell then filed multiple motions under 28 U.S.C. § 2255. *See* Dkt. ## 204, 206, 216, 260, 269, 284, 316 (dismissing Dkt. # 315 as a second or successive § 2255 motion filed without prior permission from the Court of Appeals). In addition, Bell filed numerous supplements to his § 2255 motions. [Dkt. ## 205, 209, 212, 213, 219, 223, 230, 232]. The court denied the supplemented motions. [Dkt. ## 260, 262].

Next, Bell filed Fed. R. Civ. P. 60(b) motions in which he asserted the court had failed to address five issues raised in his § 2255 motions. [Dkt. ## 284, 286]. The court dismissed the motions for lack of jurisdiction with respect to three of the issues and denied the motions with respect to the remaining two issues. [Dkt. # 289]. The Court of Appeals denied Bell's three motions for a Certificate of Appealability related to his § 2255 claims [Dkt. ## 283, 314, 327], and the Supreme Court denied his two petitions for a writ of certiorari on postconviction grounds [Dkt. ## 305, 333]. Finally, Bell filed successive § 2255 claims in a motion purportedly brought under Fed. R. Civ. P. 60(d)(3) [Dkt. # 329], which the court dismissed for lack of jurisdiction. [Dkt. # 335].

When construing *pro se* claims, the court will "reasonably read the pleadings to state a valid claim" despite technical drafting errors or confusion of legal authorities, but the court may not overlook a failure to recount facts. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464

F.3d 1213, 1215 (10th Cir. 2006). Though it cites Rule 60(b), Bell's motion is an attempt to relitigate his § 2255 claims, which this court has already addressed.

As Bell raises issues already addressed in rulings on prior § 2255 motions, the present motion is subject to the limits on successive petitions. *See Schlup v. Delo*, 513 U.S. 298, 319, 115 S. Ct. 851, 863, 130 L. Ed. 2d 808 n.34 (1995) ("A 'successive petition' raises grounds identical to those raised and rejected on the merits on a prior petition.") (citation omitted). Bell contends that, because of the manner in which the government grouped his numerous claims, the court failed to address his argument that he did not voluntarily waive his right to counsel. [Dkt. # 334 at 9]. The court has already addressed this contention at length in its ruling on Bell's initial § 2255 motion. *See* Dkt. # 262.

In its order of December 22, 2010, this court detailed how Judge Cook cautioned Bell against self-representation at two separate hearings. [*Id.* at 21-23]. Bell was reminded that he had already rejected two attorneys and that "it was clear from his complaints that he did not understand judicial proceedings." [*Id.* at 21-22]. Judge Cook warned Bell of the dangers of self-representation, "urged [him] not to represent himself," and "fully apprised [Bell] of the charges against him and the potential sentences they carried." [*Id.*]. As this court noted, "[Bell's] primary complaint was that [counsel] would not file certain motions [Bell] wanted him to [file] and—as the court explained to [Bell]—his complaints demonstrated his lack of understanding about the judicial system and criminal procedure." [*Id.* at 22]. This court concluded that Judge Cook "conducted a penetrating and comprehensive examination of the circumstances surrounding [Bell's] request, and properly concluded defendant's waiver was made knowingly and intelligently." [*Id.* at 23]. Bell alleges the court "failed to read [him] his 'Faretta rights,'"

but *Faretta* established defendants' right to proceed *pro se* if they knowingly and intelligently waive the right to counsel. *Faretta v. California*, 422 U.S. 806, 835, 95 S. Ct. 2525, 2541, 45 L. Ed. 2d 562 (1975). This court has already recognized that the constitutional requirements for waiver of counsel were satisfied. [Dkt. # 262].

Since this court has already disposed of the arguments Bell raises in the present motion, this new motion is a successive § 2255 petition. To bring a successive § 2255 motion in the district court, petitioners must obtain prior authorization from the Tenth Circuit Court of Appeals. *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(a). Bell has failed to comply with these provisions, and therefore the court lacks jurisdiction over his claim.

"When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from [the circuit court], the district court may transfer the matter to [the circuit court] if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). Factors relevant to whether transfer is in the interest of justice include whether the claims would be time-barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, rather, it was clear at the time of filing that the court lacked jurisdiction. *Id.* at 1251 (citing *Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006)). "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to [the circuit court] for authorization." *Id.* at 1252 (citing *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999) (noting it is a waste of judicial resources to require the transfer of frivolous and time-barred cases)). Bell

has been advised multiple times, both by this court and by the circuit court, that filing additional or repetitive § 2255 claims is not permitted absent circuit court authorization.  *See* Dkt. ## 289, 298, 316, 327.  None of the factors supporting transfer is present in this case, and it would be a waste of judicial resources to transfer the motion to the Court of Appeals for authorization.  The court dismisses Bell's motion for lack of jurisdiction as a second or successive § 2255 motion filed without prior authorization from the Tenth Circuit Court of Appeals.

**IT IS HEREBY ORDERED** that Bell's motion titled "Motion Pursuant to F.R. CIV. P. 60(b)(4) and (6)" [Dkt. # 334] is **DISMISSED** without prejudice for lack of jurisdiction as a second or successive 28 U.S.C. § 2255 motion filed without prior authorization from the Tenth Circuit Court of Appeals.

**DATED** this 17th day of April, 2014.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT