**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Nos. 06-CR-140-GKF |
| | ) | 10-CV-138-GKF-TLW |
| MICHAEL DEWAYNE BELL, | ) | |
| | ) | |
| Defendant. | ) | |

## **OPINION AND ORDER**

This matter comes before the court upon the "Motion Pursuant to F. R. Civ. P. 60(b)(6)" filed by defendant Michael Dewayne Bell ("Bell"). [Dkt. #350]. As Bell moves *pro se*, the court construes his pleadings liberally. *See United States v. Guerrero*, 488 F.3d 1313, 1316 (10th Cir. 2007).

Bell styles his petition as a Rule 60(b)(6) motion. In response, the government argues Bell's motion is in fact a fifth successive habeas petition. *See Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006). A Rule 60(b) motion is considered a successive habeas petition if it "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Id.* at 1215. A "true" Rule 60(b) motion, by contrast, either "challenges . . . a procedural ruling of the habeas court which precluded a merits determination of the habeas application," or "challenges a defect in the integrity of the federal habeas proceeding . . . ." *Id.* at 1215-16.

Bell argues the court failed to address a "colorable claim of actual innocence" in his initial habeas petition. [Dkt. #350]. In that petition, [Dkt. #206], Bell stated "[t]his motion filed under 28 U.S.C. § 2255 is for Actual Innocence and Ineffectiveness of Assistance of Counsel for

post trial proceedings and Appeal . . . ." [*Id*. at 16]. Bell now argues the court should have understood this statement to raise two separate grounds for relief, one for actual innocence and another for ineffective assistance of counsel. However, in the body of the petition, Bell argued only that his counsel was ineffective for, *inter alia*, failing to *argue* actual innocence. Bell did not argue actual innocence as a separate ground for relief. [*Id*. at 16-29]. The Tenth Circuit upheld this court's denial of Bell's motion, noting "[t]he district court thoroughly and correctly addressed and resolved the issues raised by Bell." *United States v. Bell*, 445 F.App'x 130, 132 (10th Cir. 2011). As a result, Bell's instant motion does not identify a procedural defect in the prior habeas proceedings, but rather asserts a new ground for relief. Thus, Bell's motion is, in fact, a successive habeas petition.

A district court does not have jurisdiction over a successive habeas petition if the petition has not been certified by the appropriate court of appeals, in this case the Tenth Circuit, to meet certain criteria. *See* 28 U.S.C. §2255(h). Bell's petition has not been so certified. Accordingly, the court dismisses Bell's petition for lack of jurisdiction.

The *Rules Governing Section 2255 Cases in the United States District Courts* instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11. The court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." 28 U.S.C. § 2253. That standard demands that the issues raised are debatable among reasonable jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Slack v. McDaniel,* 529 U.S. 473 (2000); *United States v. Blackstock*, 2012 WL 3646936 (N.D. Okla. Aug. 23, 2012).

Here, the Court denies a certificate of appealability. The record is devoid of authority suggesting that the Tenth Circuit would resolve the issues in this case differently.

WHEREFORE, Bell's "Motion Pursuant to F. R. Civ. P. 60(b)(6)" [Dkt. #350] is denied. A certificate of appealability is also denied.

DATED this 23rd day of April, 2015.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT