IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

    Plaintiff,

v().

MICHAEL DEWAYNE BELL,

    Defendant.

Case Nos. 06-CR-00140-GKF
          20-CV-00343-GKF-JFJ

**OPINION AND ORDER**

Before the court are defendant Michael Dewayne Bell's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. 383] and the government's Motion to Dismiss Defendant's Successive § 2255 Motion [Doc. 389]. For the reasons set forth below, the government's motion to dismiss is granted. Alternatively, Mr. Bell's motion is denied.

**I. Background**

On August 10, 2006, a grand jury returned an indictment charging Mr. Bell with three counts in relation to a February 28, 2006 armed robbery of an Arvest Bank in Tulsa, Oklahoma: (1) aggravated bank robbery in violation of 18 U.S.C. § 2113(a) and (d); (2) using, brandishing, and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and (3) possession of a firearm after a felony conviction in violation of 18 U.S.C. §§ 922(g)(1). [Doc. 2]. The case was assigned to then-U.S. District Judge Dale H. Cook.

On February 5, 2007, a grand jury returned a four-count superseding indictment, which included Mark Edward Brown as a co-defendant on Counts One and Two and added Count Four, which charged Brown with possessing a firearm after a felony conviction in violation of § 922(g)(1). [Doc. 43]. On April 26, 2007, Mr. Brown pled guilty to Count 1 of the Superseding Indictment. [Doc. 112].

On April 27, 2007, the government filed a Criminal Information notifying Mr. Bell of its intent to enhance his sentence pursuant to 18 U.S.C § 3559(c)(1) based on two prior Oklahoma state court convictions: (1) Robbery By Force After Former Conviction of Two Felonies and Robbery with Firearms After Former Conviction of Two Felonies in Pottawatomie County Case No. CF-94-191, and (2) Robbery by Force or Fear After Former Conviction of Two Felonies in Seminole County Case No. CF-94-143. [Doc. 117].

The charges against Mr. Bell proceeded to trial from April 30, 2007 to May 2, 2007. [Docs. 121 to 126]. Mr. Bell appeared *pro se*, but the court appointed attorney Michael McGuire as stand-by counsel to assist upon Mr. Bell's request. At the close of the government's evidence, the court granted Mr. Bell's motion for judgment of acquittal as to Count Three—the possession of a firearm after a felony conviction—but permitted Counts One and Two to proceed to the jury. [Doc. 126]. On May 2, 2007, a jury found Mr. Bell guilty of Count One, aggravated bank robbery in violation of 18 U.S.C. § 2133(a) and (d), and Count Two, using, brandishing, and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). [Doc. 128].

Mr. Bell subsequently filed a *pro se* motion for judgment of acquittal or new trial [Doc. 132], which Judge Cook denied. [Doc. 150]. On July 30, 2007, Judge Cook sentenced Mr. Bell to life imprisonment pursuant to the "three strikes" provision of 18 U.S.C. 3559. [Doc. 154; Doc. 155]. Mr. Bell appealed [Doc. 158], arguing, in part, that his prior Oklahoma state convictions did not qualify as "violent felonies" and therefore did not trigger a mandatory life sentence under 18 U.S.C. § 3559(c)(1). The Tenth Circuit Court of Appeals affirmed the conviction and sentence, concluding, in part, that "the district court properly determined Bell was previously convicted of at least two prior violent felonies." [Doc. 185, p. 11]. The court specifically rejected Mr. Bell's argument that, because his terms of imprisonment for the state robbery convictions ran

2

concurrently, that those convictions should be treated as a single violent felony. [*Id.* at pp. 11-12]. The U.S. Supreme Court denied Mr. Bell's petition for *writ of certiorari* on March 30, 2009. [Doc. 188].

Mr. Bell subsequently filed a second motion for new trial and the case was randomly reassigned to the undersigned. [Doc. 189; Doc. 190]. On January 11, 2010, this court denied Mr. Bell's second motion for new trial. [Doc. 199]. Mr. Bell appealed the decision, but the appeal was dismissed as untimely. [Doc. 229].

In 2010, Mr. Bell filed his first § 2255 motion, as well as several supplements to that motion [Docs. 205, 206, 207, 208, 209, 212, 213, 219, 223, 230, and 232], based on ineffective assistance of counsel. This court denied the § 2255 motion, as well as related requests for discovery and an evidentiary hearing. [Doc. 260; Doc. 262; Doc. 264]. Mr. Bell appealed, but the Tenth Circuit dismissed the appeal because Bell failed to make a "substantial showing of the denial of a constitutional right." [Doc. 283].

In October 2012, Mr. Bell filed a document titled "Motion to Leave to Amend § 2255 by pursuant to F. R. Civ. P. 15(c)." [Doc. 315]. The court dismissed the motion for lack of jurisdiction, reasoning the relief sought demonstrated the motion was a consecutive § 2255 petition filed without prior permission from the Tenth Circuit. [Doc. 316]. Mr. Bell appealed the dismissal, [Doc. 317], but the Tenth Circuit denied a certificate of appealability and dismissed the appeal. [Doc. 327].

In 2015, Mr. Bell filed another consecutive § 2255 motion without first seeking permission from the Tenth Circuit. [Doc. 359]. The court denied the motion, as well as a certificate of appealability. [Doc. 361]. Mr. Bell appealed the denial and requested that the Tenth Circuit

authorize a successive § 2255 motion based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Tenth Circuit denied authorization. [Doc. 375].

On May 20, 2016, Mr. Bell again requested permission from the Tenth Circuit to file a successive § 2255 motion. [Doc. 383; Remark dated May 20, 2016]. Mr. Bell subsequently filed a "Motion to Leave to File Supplement to Second or Successive 28 U.S.C. § 2255 Filed with the Tenth Circuit Court of Appeals in Relationship to a Johnson Claim," which the Tenth Circuit treated as a supplement to the § 2255 motion. *In re Michael Bell*, No. 16-5055 (10th Cir. June 23, 2016), Doc. 010109644195. In the supplement, Mr. Bell argued that his two prior convictions for Robbery by Force and Fear (in Pottawatomie County Case No. CR-94-191 and Seminole County Case No. CF-94-143) could only be considered predicate "crimes of violence" for purposes of § 3559's "three strikes" provision under the residual clause, which Mr. Bell claims was "determined to be void for vagueness" in *Johnson*. [*Id.* at p. 5].

On June 24, 2016, the Tenth Circuit abated the matter pending further order of that court. *In re Michael Bell*, No. 16-5055 (10th Cir. June 24, 2016), Doc. 01019645361. During the abatement, Mr. Bell filed several additional supplements to his § 2255 motion, including filings on June 27, 2016, August 29, 2016, April 13, 2017, and April 23, 2018. On May 4, 2018, Mr. Bell filed a "Letter of Notice" incorporating into his motion the U.S. Supreme Court's decision in *Sessions v. Dimaya,* 138 S. Ct. 1204 (2018). Mr. Bell against supplemented his § 2255 motion on June 4, 2018 and July 2, 2018.

On September 16, 2019, Mr. Bell filed a motion to supplement the § 2255 motion to reference the U.S. Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), which the Tenth Circuit granted. *In re Michael Bell*, No. 16-5055 (10th Cir. Sept. 16, 2019), Doc.

4

010110228873.  Mr. Bell again referred to *Davis* in a supplement dated June 25, 2020.  *In re Michael Bell*, No. 16-5055 (10th Cir. June 25, 2020), Doc. 010110366571.

On July 13, 2020, the Tenth Circuit lifted the abatement and granted Mr. Bell permission to file a successive § 2255 motion challenging his conviction and sentence under *Davis*.  [Doc. 382].  The Tenth Circuit then transferred the § 2255 motion and supplements to this court for determination.

In response to the motion, the government filed the instant Motion to Dismiss Defendant's Successive § 2255 Motion.  [Doc. 389].  Mr. Bell filed a reply in support of his petition, as well as supplement to the reply.  [Doc. 390; Doc. 392].  Additionally, Mr. Bell filed the following motions related to the § 2255 motion:  (1) Motion Requesting Evidentiary Hearing under 28 U.S.C. § 2255, Rule 8 [Doc. 393]; (2) Motion for Appointment of Counsel pursuant to 18 U.S.C. § 3006A [Doc. 394]; (3) Motion Requesting 28 U.S.C. § 2255, Rule 7, Expansion of Record [Doc. 395]; (4) Motion for Writ [Doc. 396]; and (5) Motion for Judicial Estoppel [Doc. 399].

**II.  Legal Standard**

A federal prisoner may seek "to vacate, set aside[,] or correct the sentence" if the sentence was imposed in violation of the Constitution or federal law.  28 U.S.C. § 2255(a).  "A movant attempting to file a second or successive § 2255 motion must pass two gates." *United States v. Copeland*, 921 F.3d 1233, 1239 (10th Cir. 2019).  "The first is obtaining authorization from the circuit court to file the motion, which requires only 'a prima facie showing to the court of appeals that the motion satisfies the requirements of § 2255(h), defined as a sufficient showing of possible merit to warrant a fuller exploration by the district court.'" *Id.* (quoting *United States v. Murphy*, 887 F.3d 1064, 1068 (10th Cir. 2018)); *see also* 28 U.S.C. § 2255(h).  The second gate is a

5

determination by the district court that the motion does, in fact, satisfy the requirements of § 2255(h).  *Copeland*, 921 F.3d at 1239.

To satisfy the requirements of § 2255(h), Mr. Bell's motion must rely on either "newly discovered evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h).  This case turns on the latter requirement.  "A motion 'contains' a new rule of constitutional law, as required by § 2255(h), if the claim for which authorization is sought 'relies on' the new rule."  *Copeland*, 921 F.3d at 1238-39 (quoting *Murphy*, 887 F.3d at 1067).

### III. Analysis

Mr. Bell's § 2255 motion implicates two issues.  First, whether the predicate crime for his § 924(c) offense—armed bank robbery—can only be considered a "crime of violence" under § 924(c)'s unconstitutional residual clause.  Second, whether Mr. Bell's two prior Oklahoma state convictions for Robbery by Force and Fear could only be considered predicate "crimes of violence" for purposes of § 3559's "three strikes" provision under that section's residual clause, which Mr. Bell asserts is unconstitutional pursuant to *Johnson, Dimaya*, and *Davis*.  The court first considers the § 924(c) issue, and then considers Mr. Bell's arguments related to § 3559(c).

    A.    *§ 924(c) Conviction*

As previously stated, a jury convicted Mr. Bell of one count of using, brandishing, and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  [Doc. 128].  "That statute threatens long prison sentences for anyone who uses a firearm in connection with certain other federal crimes," known as "crime[s] of violence."  *United States v. Davis*, 139 S. Ct. 2319, 2323 (2019).  The definition of "crime of violence" is found in 18 U.S.C. § 924(c)(3).  The statutory definition contains both an "elements clause" and a "residual

clause." The elements clause defines an offense as a crime of violence if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). The residual clause defines an offense as a crime of violence if it, "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 924(c)(3)(B). In *Davis*, the Supreme Court held the residual clause, 18 U.S.C. § 924(c)(3)(B), to be unconstitutionally vague. *Davis*, 139 S. Ct. at 2336. "For purposes of § 2255(h)(2) . . . the Supreme Court has made *Davis* retroactively applicable to cases on collateral review." *In re Mullins*, 942 F.3d 975, 979 (10th Cir. 2019).

Although Mr. Bell does not clearly articulate his argument, because he proceeds *pro se* and based on his references to the *Davis* decision, the court will consider whether his predicate crime—armed bank robbery—can only be considered a "crime of violence" under § 924(c)'s unconstitutional residual clause. The government argues that Mr. Bell cannot show that his § 924(c) conviction rested on the residual clause and, regardless, armed bank robbery qualifies as a "crime of violence" under the elements based definition included in § 924(c)(3)(A). [Doc. 389].

First, the court notes that Mr. Bell does not point to any mention of the residual or elements clauses in the record, nor has the court identified any. *See* [Doc. 155; Doc. 173]. Further, the court has reviewed the complete Presentence Investigation Report prepared by the U.S. Probation Office regarding Mr. Bell, which was available on its internal server. It does not include any reference to § 924(c)'s residual clause.

Regardless, the Tenth Circuit has determined the federal bank robbery statute, 18 U.S.C. § 2113(d), has "as an element the use, attempted use, or threatened use of physical force." *United States v. Lloyd*, 741 F. App'x 570, 573 (10th Cir. 2018) (unpublished) (citing *United States v.*

7

*Maldonado-Palma*, 839 F.3d 1244, 1250 (10th Cir. 2016)); *United States v. Rinker*, 746 F. App'x 769, 772 (10th Cir. 2018) (unpublished) ("And we have previously held that armed bank robbery requires as an element the use, attempted use, or threatened use of physical force."); *United States v. Higley,* 726 F. App'x 715, 717 (10th Cir. 2018) (unpublished); *United States v. Wade*, 719 F. App'x 822, 825-27 (10th Cir. 2017) (unpublished);[1] *see also United States v. McCranie,* 889 F.3d 677, 681 (10th Cir. 2018) ("[B]ank robbery by intimidation involves the threatened use of physical force[.]"); *United States v. Smith*, 957 F.3d 590, 593-94 (5th Cir. 2020) (holding aggravated bank robbery is a "crime of violence" under § 924(c)(3)(A)'s elements clause); *United States v. Gathercole*, 795 F. App'x 985, 986 (8th Cir. 2020) (*Davis* does not apply to predicate offense of bank robbery); *United States v. Alston*, 795 F. App'x 659, 661 (11th Cir. 2019).  Thus, armed bank robbery in violation of 18 U.S.C. § 2113(d) constitutes a "crime of violence" under § 924(c)'s elements clause.  There is no indication, either in the record or the background case law, that Judge Cook would have applied the law any differently in 2007.  Mr. Bell therefore fails to show by a preponderance of the evidence that his conviction rests on § 924(c)'s unconstitutional residual clause.  *Copeland*, 921 F.3d at 1242.

Accordingly, insofar as Mr. Bell argues the court relied on the residual clause of § 924, his motion does not satisfy the requirements of 28 U.S.C. § 2255(h) and must be dismissed because he cannot rely on the Supreme Court's decision in *Davis*.  *See Copeland*, 921 F.3d at 1238-39.  Alternatively, Mr. Bell's motion should be denied on the merits for the same reasons because he fails to show it is more likely than not that his § 924(c) conviction rests on the unconstitutional residual clause.  *See United States v. Driscoll*, 892 F.3d 1127, 1135 (10th Cir. 2018) (at the merits

---

[1] "Unpublished decisions are not precedential, but may be cited for their persuasive value."  10th Cir. R. 32.1(A).

stage, the § 2255 movant "must prove that the sentencing court, more likely than not, relied on the residual clause").

B.   Three Strike Provision of § 3559(c)

Mr. Bell also argues the enhancement of his sentence pursuant to § 3559's "three strikes" provision was unconstitutional pursuant to *Johnson, Dimaya*, and *Davis*.

The "three strikes" provision of § 3559 states as follows:

> (1) **Mandatory life imprisonment** – Notwithstanding any other provision of law, a person who is convicted in a court of the United States of a serious violent felony shall be sentenced to life imprisonment if—
>
>    (A)   the person has been convicted (and those convictions have become final) on separate prior occasions in a court of the United States or of a State of--
>
>       (i)   2 or more serious violent felonies; or
>
>       (ii)  one or more serious violent felonies and one or more serious drug offenses[.]

18 U.S.C. § 3559(c)(1).  Section 3559 includes two definitions of "serious violent felony." "Serious violent felony" is first defined as:

> a Federal or State offense, by whatever designation and wherever committed, consisting of murder (as described in section 1111); manslaughter other than involuntary manslaughter (as described in section 1112); assault with intent to commit murder (as described in section 113(a)); assault with intent to commit rape; aggravated sexual abuse and sexual abuse (as described in sections 2241 and 2242); abusive sexual contact (as described in sections 2244(a)(1) and (a)(2)); kidnapping; aircraft piracy (as described in section 46502 of Title 49); robbery (as described in section 2111, 2113, or 2118); carjacking (as described in section 2119); extortion; arson; firearms use; firearms possession (as described in section 924(c)); or attempt, conspiracy, or solicitation to commit any of the above offenses.

18 U.S.C. § 3559(c)(2)(F)(i).  This is commonly referred to as the "enumerated offense" clause. *See United States v. Contreras,* 689 F. App'x 886, 887 (10th Cir. 2017) (unpublished).  The second provision defines "serious violent felony" as "any other offense punishable by a maximum term

9

of imprisonment of 10 years or more that has as an element the use, attempted use, or threatened use of physical force against the person of another **[elements clause]** or that, by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense **[residual clause]**." 18 U.S.C. § 3559(c)(2)(F)(ii); *see also Contreras*, 689 F. App'x at 887.

To succeed in collaterally attacking his sentence, Mr. Bell must first show that it is more likely than not that he was sentenced under the residual clause of § 3559 and, further, that a new rule of constitutional law applies. *Copeland*, 921 F.3d at 1239, 1242. Mr. Bell fails to make either showing.

      1. <u>Sentencing</u>

Assuming § 3559's residual clause is unconstitutional, to demonstrate that the sentencing court relied on the residual clause, Mr. Bell first asserts that the court "rul[ed]" that he was sentenced under the residual clause at Doc. 361, p. 3. *See* [Doc. 390, p. 3]. Document 361 is this court's Order denying Mr. Bell's "Motion Pursuant to F. R. Civ. P. 59(e) – Motion to Alter or Amend Judgment" and "Motion Pursuant to 28 U.S.C. § 2255(f)(3)," which were filed in May and August of 2015, respectively. In the "Motion Pursuant to 28 U.S.C. § 2255(f)(3)," Mr. Bell sought to challenge his conviction and sentence based on the U.S. Supreme Court's recent decision in *Johnson*. [Doc. 359]. Upon review and when read in context, the court stated only that the principles articulated by the U.S. Supreme Court in *Johnson* may apply insofar as the residual clause of the career offender provision is similar to the residual clause of the Armed Career Criminal Act, which was analyzed in *Johnson*. [Doc. 361, p. 3]. The court made no "findings" and explicitly declined to comment on the merits of Mr. Bell's petition. [*Id.*].

Mr. Bell also invokes the principle of judicial estoppel.[2] Pursuant to the doctrine of judicial estoppel,

> [w]here a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.

*Johnson v. Lindon City Corp.*, 405 F.3d 1065, 1069 (10th Cir. 2005). However, "the position to be estopped must generally be one of fact rather than of law or legal theory." *Id.* Mr. Bell seeks to invoke estoppel with respect to the government's legal theory at sentencing and the doctrine is therefore inapplicable.

Mr. Bell directs the court to two decisions of the U.S. District Court for the Western District of Oklahoma applying the U.S. Supreme Court's decision in *Curtis Johnson v. United States*, 130 S. Ct. 1265 (2010). Although not specifically invoking judicial estoppel, in *Curtis Johnson*, the Court concluded that that the government was foreclosed from arguing for consideration of a different prong of § 924's definition of "violent felony" than that relied on in the lower courts because "[t]he Government did not keep this option alive because it disclaimed at sentencing any reliance upon the residual clause." *Id.* at 1274.[3] Applying the decision, the Western District courts prohibited the government from relying on the force or enumerated offense clauses of § 924 in § 2255 proceedings when it had explicitly disclaimed those provisions earlier in the case. *See United States v. Kutz*, CR-10-0217-F (W.D. Okla. May 5, 2016), Doc. 86 at p. 6 (prohibiting the

---

[2] Mr. Bell invokes judicial estoppel both in his Reply Brief Pursuant to Rule 5(e) of 28 U.S.C. § 2255 [Doc. 390], and his Motion for Judicial Estoppel [Doc. 399].

[3] Although *Curtis Johnson* did not explicitly invoke judicial estoppel, the Supreme Court's statements are in harmony with the requirement for judicial estoppel that "a party's later position must be 'clearly inconsistent' with its earlier position." *Johnson,* 405 F.3d at 1069 (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001)).

government from arguing that it did not rely on the residual clause of § 924(e)(2)(B) when it had previously taken the position in briefing that defendant's earlier conviction "d[id] not qualify under the force clause or the enumerated crimes" clauses); *United States v. Smith,* CR-09-368-C (W.D. Okla. Dec. 16, 2016), Doc. 84 at p. 2 (in appeal briefing, government stated "[t]he defendant's conviction does not qualify under the force clause nor is it an enumerated crime.").

Here, in contrast, Mr. Bell concedes that, at his July 30, 2007 sentencing, the government did not explicitly rely on the enumerated offense, elements, or residual clause definition of "serious violent felony" in § 3559. [Doc. 390, p. 4, ¶ 20]. Further, unlike in *Kutz* and *Smith*, in the appellate briefing, the government did not explicitly rely on § 3559's residual clause as to the robbery convictions (although it did so with respect to Mr. Bell's prior conviction for riot under Oklahoma law). Finally, the Tenth Circuit concluded that "Bell's two prior felony convictions are sufficient to sustain a life sentence," without any discussion of the residual clause. [Doc. 185, p. 12 n.1]. Accordingly, the government did not "disclaim any reliance" on the enumerated offenses or elements clauses as to Mr. Bell's Oklahoma robbery offenses and neither judicial estoppel nor the principles articulated in *Curtis Johnson* apply.[4] Mr. Bell has therefore failed to demonstrate that it is more likely than not he was sentenced under the residual clause of § 3559.

Additionally, Mr. Bell's prior convictions for robbery by force or fear under Okla. Stat. tit. 21, § 791 and robbery with firearms under Okla. Stat. tit. 21, § 801 fall within the § 3559 elements clause. Oklahoma statutes define "robbery' as "a wrongful taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." Okla. Stat. tit. 21, § 791. Section 801 of title 21 provides for an enhanced sentence if a person "with the use of any firearms or any other dangerous weapons,

---

[4] For this reason, Mr. Bell's motion for judicial estoppel [Doc. 399] is denied.

whether the firearm is loaded or not . . . robs or attempts to rob any place of business, residence or banking institution or any other place inhabited or attended by any person or persons." Okla. Stat. tit. 21, § 801.  Both § 791 and § 801 include as an element that the robbery be accomplished by "force or fear." *See Primeaux v. State,* 88 P.3d 893, 906 (Okla. Crim. App. 2004), *overruled on other grounds by, Gordon v. State,* 451 P.3d 573 (Okla. Crim. App. 2019); OUJI-CR 4-141, 4-144.

Tenth Circuit panels have concluded in unpublished decisions that robbery by force under Oklahoma law satisfies the elements clause of the Armed Career Criminal Act's definition of "violent felony," which is identical to the elements clause of § 3559 but for the maximum term of imprisonment requirement. *See United States v. Goldlock,* 794 F. App'x 725, 728 (10th Cir. 2019) (unpublished) (defendant's 1993 robbery conviction pursuant to § 791 satisfied the elements clause); *United States v. Byers*, 739 F. App'x 925, 928 (10th Cir. 2018) (defendant's 1998 conviction for robbery with a firearm pursuant to § 801 satisfied either elements or enumerated offense clause); *United States v. Hill*, 722 F. App'x 814, 817 (10th Cir. 2018) ("A [1975 or 1985] conviction under § 801 therefore required proof of the use, threatened use, or attempted use of physical force."). These cases are persuasive. Accordingly, the court concludes that Oklahoma robbery and Oklahoma robbery with a dangerous weapon require "an element the use, attempted use, or threatened use of physical force against the person of another." *See* 18 U.S.C. § 3559(c)(2)(F)(ii).[5] Mr. Bell fails to satisfy his burden to demonstrate that he was sentenced pursuant to § 3559's residual clause.[6]

---

[5] Additionally, although not challenged by Mr. Bell, the court notes that robbery under Oklahoma law is an offense punishable by a maximum term of imprisonment of 10 years or more. *See* Okla. Stat. tit. 21, §§ 798, 799, 801.

[6] Insofar as Mr. Bell contends that his Oklahoma robbery convictions should have been treated as one offense, *see* [Doc. 392 at p. 1], the Tenth Circuit previously rejected this argument. *See* [Doc. 185, p. 12].

13

      2.      <u>New Rule of Constitutional Law</u>

As previously stated, to satisfy the requirements of § 2255(h), Mr. Bell's motion must rely on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

In *Davis*, the Supreme Court held the residual clause, 18 U.S.C. § 924(c)(3)(B), to be unconstitutionally vague. *Davis*, 139 S. Ct. at 2336. However, the U.S. Supreme Court has not considered the constitutionality of the residual clause of 18 U.S.C. § 3559(c)(2)(F)(ii). Of a similar issue, the Tenth Circuit has previously stated:

> Only the Supreme Court can recognize a new constitutional right. While circuit courts can apply the *reasoning* of *Johnson* to support a finding that the residual clause of similarly worded statutes are unconstitutionally vague on direct appeal, our review under AEDPA is more limited. AEDPA limits federal habeas relief to new constitutional rights recognized by the *Supreme Court.*

*United States v. Greer,* 881 F.3d 1241, 1247 (10th Cir. 2018) (emphasis in original) (internal citation omitted). Because the U.S. Supreme Court has not concluded that the residual clause of § 3559(c) is unconstitutional, Mr. Hill fails to demonstrate that his claim, insofar as it is premised on § 3559(c), relies on a new rule of constitutional law recognized by the U.S. Supreme Court as required by § 2255(h).

Accordingly, because Mr. Bell's motion does not satisfy the requirements of 28 U.S.C. § 2255(h), the motion must be dismissed because he cannot rely on the Supreme Court's decision in *Davis*. *See Copeland*, 921 F.3d at 1238-39. Alternatively, Mr. Bell's motion should be denied on the merits for the same reasons because he fails to show it is more likely than not that the court relied on the residual clause of § 3559(c). *See Driscoll*, 892 F.3d at 1135.

### IV. Other Pending Motions

As previously stated, Mr. Bell filed five motions related to his § 2255 petition: (1) Motion Requesting Evidentiary Hearing under 28 U.S.C. § 2255, Rule 8 [Doc. 393]; (2) Motion for Appointment of Counsel pursuant to 18 U.S.C. § 3006A [Doc. 394]; (3) Motion Requesting 28 U.S.C. § 2255, Rule 7, Expansion of Record [Doc. 395]; (4) Motion for Writ [Doc. 396]; and (5) Motion for Judicial Estoppel [Doc. 399]. The court separately considers each motion.

**Motion Requesting Evidentiary Hearing:** "In response to a § 2255 motion, the district court 'must hold an evidentiary hearing on the prisoner's claims unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Lopez,* 100 F.3d 113, 119 (10th Cir. 1996) (quoting *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995)). For the reasons discussed above, the motion, files, and records conclusively demonstrate that Mr. Bell is not entitled to relief. Thus, an evidentiary hearing is not necessary, and Mr. Bell's motion requesting evidentiary hearing is denied.

**Motion for Appointment of Counsel**: "There is no right to counsel in postconviction proceedings." *Garza v. Idaho*, 139 S. Ct. 738, 749 (2019). However, pursuant to 18 U.S.C. § 3006A, in a § 2255 proceeding, the court shall provide representation to a defendant if "he is financially unable to obtain counsel" and "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B), (b). For the reasons discussed above, Mr. Bell fails to demonstrate an entitlement to relief. Specifically, Mr. Bell cannot rely on a new rule of constitutional law. Further, Mr. Bell's request for counsel is limited to appointment for assistance during an evidentiary hearing. The court has denied Mr. Bell's request for evidentiary hearing. For these reasons, the interests of justice do not require appointment of counsel, and Mr. Bell's request for appointment of counsel is denied.

**Motion Requesting 28 U.S.C. § 2255 Rule 7 Expansion of Record**: Pursuant to *Rule 7 of the Rules Governing Section 2255 Proceedings*, "[i]f the motion is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the motion." Mr. Bell states that he "would like to expand the record under 28 U.S.C. 2255 Rule 7 if this court grants Bell an evidentiary hearing according to the law that allows it." [Doc. 395, p. 1]. This court has denied Mr. Bell's request for evidentiary hearing. Thus, there is no need to expand the record. Further, the court notes that Mr. Bell fails to identify any material with which he would like to expand the record and the motion is denied for this additional reason.

**Motion for Writ**: Mr. Bell requests a writ pursuant to 28 U.S.C. § 2241(c)(5) "to bring him back to the Northern District of Oklahoma to be present if this court grants Bell a evidentiary hearing." [Doc. 396, p. 1]. Section 2241(c)(5) permits a court to grant a writ of habeas corpus to a prisoner if "[i]t is necessary to bring him into court to testify or for trial." 28 U.S.C. § 2241(c)(5). The court has denied Mr. Bell's request for an evidentiary hearing. Thus, it is not necessary to bring him into court to testify. The motion for writ is denied.

**Motion for Judicial Estoppel**: For the reasons discussed *supra*, the motion for judicial estoppel is denied.

V. **Conclusion**

WHEREFORE, the government's Motion to Dismiss Defendant's Successive § 2255 Motion [Doc. 389] is granted, and defendant Bell's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. 383] is dismissed. Alternatively, Mr. Bell's motion is denied on the merits.

Further, the court denies a certificate of appealability because Mr. Bell has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Rule 11(a), Rules Governing Section 2255 Proceedings.

As for the remaining motions, the Motion Requesting Evidentiary Hearing under 28 U.S.C. § 2255, Rule 8 [Doc. 393]; Motion for Appointment of Counsel pursuant to 18 U.S.C. § 3006A [Doc. 394]; Motion Requesting 28 U.S.C. § 2255, Rule 7, Expansion of Record [Doc. 395]; Motion for Writ [Doc. 396]; and Motion for Judicial Estoppel [Doc. 399] are denied.

IT IS SO ORDERED this 13th day of May, 2021.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE