IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL DEWAYNE BELL,

    Defendant.

Case Nos. 06-CR-00140-GKF
           20-CV-00343-GKF-JFJ

**OPINION AND ORDER**

    This matter comes before the court on the Motion to Alter or Amend Judgment [Doc. 404] of defendant Michael Dewayne Bell. For the reasons set forth below, the motion is denied.

**I. Background**

    On August 10, 2006, a grand jury returned an indictment charging Mr. Bell with three counts in relation to a February 28, 2006 armed robbery of an Arvest Bank in Tulsa, Oklahoma: (1) aggravated bank robbery in violation of 18 U.S.C. § 2113(a) and (d); (2) using, brandishing, and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and (3) possession of a firearm after a felony conviction in violation of 18 U.S.C. §§ 922(g)(1). [Doc. 2]. The case was assigned to then-U.S. District Judge Dale H. Cook.

    On February 5, 2007, a grand jury returned a four-count superseding indictment, which included Mark Edward Brown as a co-defendant on Counts One and Two and added Count Four, which charged Brown with possessing a firearm after a felony conviction in violation of § 922(g)(1). [Doc. 43]. On April 26, 2007, Mr. Brown pled guilty to Count 1 of the Superseding Indictment. [Doc. 112].

    On April 27, 2007, the government filed a Criminal Information notifying Mr. Bell of its intent to enhance his sentence pursuant to 18 U.S.C § 3559(c)(1) based on two prior Oklahoma

state court convictions: (1) Robbery By Force After Former Conviction of Two Felonies and Robbery with Firearms After Former Conviction of Two Felonies in Pottawatomie County Case No. CF-94-191, and (2) Robbery by Force or Fear After Former Conviction of Two Felonies in Seminole County Case No. CF-94-143. [Doc. 117].

The charges against Mr. Bell proceeded to trial from April 30, 2007 to May 2, 2007. [Docs. 121 to 126]. Mr. Bell appeared *pro se*, but the court appointed attorney Michael McGuire as stand-by counsel to assist upon Mr. Bell's request. At the close of the government's evidence, the court granted Mr. Bell's motion for judgment of acquittal as to Count Three—the possession of a firearm after a felony conviction—but permitted Counts One and Two to proceed to the jury. [Doc. 126]. On May 2, 2007, a jury found Mr. Bell guilty of Count One, aggravated bank robbery in violation of 18 U.S.C. § 2133(a) and (d), and Count Two, using, brandishing, and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). [Doc. 128].

Mr. Bell subsequently filed a *pro se* motion for judgment of acquittal or new trial [Doc. 132], which Judge Cook denied. [Doc. 150]. On July 30, 2007, Judge Cook sentenced Mr. Bell to life imprisonment pursuant to the "three strikes" provision of 18 U.S.C. 3559. [Doc. 154; Doc. 155]. Mr. Bell appealed [Doc. 158], arguing, in part, that his prior Oklahoma state convictions did not qualify as "violent felonies" and therefore did not trigger a mandatory life sentence under 18 U.S.C. § 3559(c)(1). The Tenth Circuit Court of Appeals affirmed the conviction and sentence, concluding, in part, that "the district court properly determined Bell was previously convicted of at least two prior violent felonies." [Doc. 185, p. 11]. The court specifically rejected Mr. Bell's argument that, because his terms of imprisonment for the state robbery convictions ran concurrently, that those convictions should be treated as a single violent felony. [*Id.* at pp. 11-12].

2

The U.S. Supreme Court denied Mr. Bell's petition for *writ of certiorari* on March 30, 2009. [Doc. 188].

Mr. Bell subsequently filed a second motion for new trial and the case was randomly reassigned to the undersigned. [Doc. 189; Doc. 190]. On January 11, 2010, this court denied Mr. Bell's second motion for new trial. [Doc. 199]. Mr. Bell appealed the decision, but the appeal was dismissed as untimely. [Doc. 229].

In 2010, Mr. Bell filed his first § 2255 motion, as well as several supplements to that motion [Docs. 205, 206, 207, 208, 209, 212, 213, 219, 223, 230, and 232], based on ineffective assistance of counsel. This court denied the § 2255 motion, as well as related requests for discovery and an evidentiary hearing. [Doc. 260; Doc. 262; Doc. 264]. Mr. Bell appealed, but the Tenth Circuit dismissed the appeal because Bell failed to make a "substantial showing of the denial of a constitutional right." [Doc. 283].

In October 2012, Mr. Bell filed a document titled "Motion to Leave to Amend § 2255 by pursuant to F. R. Civ. P. 15(c)." [Doc. 315]. The court dismissed the motion for lack of jurisdiction, reasoning the relief sought demonstrated the motion was a consecutive § 2255 petition filed without prior permission from the Tenth Circuit. [Doc. 316]. Mr. Bell appealed the dismissal, [Doc. 317], but the Tenth Circuit denied a certificate of appealability and dismissed the appeal. [Doc. 327].

In 2015, Mr. Bell filed another consecutive § 2255 motion without first seeking permission from the Tenth Circuit. [Doc. 359]. The court denied the motion, as well as a certificate of appealability. [Doc. 361]. Mr. Bell appealed the denial and requested that the Tenth Circuit authorize a successive § 2255 motion based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Tenth Circuit denied authorization. [Doc. 375].

3

On May 20, 2016, Mr. Bell again requested permission from the Tenth Circuit to file a successive § 2255 motion. [Doc. 383; Remark dated May 20, 2016]. Mr. Bell subsequently filed a "Motion to Leave to File Supplement to Second or Successive 28 U.S.C. § 2255 Filed with the Tenth Circuit Court of Appeals in Relationship to a Johnson Claim," which the Tenth Circuit treated as a supplement to the § 2255 motion. *In re Michael Bell*, No. 16-5055 (10th Cir. June 23, 2016), Doc. 010109644195. In the supplement, Mr. Bell argued that his two prior convictions for Robbery by Force and Fear (in Pottawatomie County Case No. CR-94-191 and Seminole County Case No. CF-94-143) could only be considered predicate "crimes of violence" for purposes of § 3559's "three strikes" provision under the residual clause, which Mr. Bell claims was "determined to be void for vagueness" in *Johnson*. [*Id.* at p. 5].

On June 24, 2016, the Tenth Circuit abated the matter pending further order of that court. *In re Michael Bell*, No. 16-5055 (10th Cir. June 24, 2016), Doc. 01019645361. During the abatement, Mr. Bell filed several additional supplements to his § 2255 motion, including filings on June 27, 2016, August 29, 2016, April 13, 2017, and April 23, 2018. On May 4, 2018, Mr. Bell filed a "Letter of Notice" incorporating into his motion the U.S. Supreme Court's decision in *Sessions v. Dimaya,* 138 S. Ct. 1204 (2018). Mr. Bell against supplemented his § 2255 motion on June 4, 2018 and July 2, 2018.

On September 16, 2019, Mr. Bell filed a motion to supplement the § 2255 motion to reference the U.S. Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), which the Tenth Circuit granted. *In re Michael Bell*, No. 16-5055 (10th Cir. Sept. 16, 2019), Doc. 010110228873. Mr. Bell again referred to *Davis* in a supplement dated June 25, 2020. *In re Michael Bell*, No. 16-5055 (10th Cir. June 25, 2020), Doc. 010110366571.

On July 13, 2020, the Tenth Circuit lifted the abatement and granted Mr. Bell permission to file a successive § 2255 motion challenging his conviction and sentence under *Davis*. [Doc. 382]. The Tenth Circuit then transferred the § 2255 motion and supplements to this court for determination.

Mr. Bell's successive § 2255 motion implicated two issues. First, whether the predicate crime for his § 924(c) offense—armed bank robbery—could only be considered a "crime of violence" under § 924(c)'s unconstitutional residual clause. Second, whether Mr. Bell's two prior Oklahoma state convictions for Robbery by Force and Fear could only be considered predicate "crimes of violence" for purposes of § 3559's "three strikes" provision under that section's residual clause, which Mr. Bell asserts is unconstitutional pursuant to *Johnson, Dimaya*, and *Davis*.

In response to the motion, the government filed a Motion to Dismiss Defendant's Successive § 2255 Motion. [Doc. 389]. Mr. Bell filed a reply in support of his petition, as well as supplement to the reply. [Doc. 390; Doc. 392]. In an Opinion and Order dated May 13, 2021, this court granted the government's motion to dismiss and, in the alternative, denied Mr. Bell's successive § 2255 motion on the merits. [Doc. 402].

Thereafter, Mr. Bell filed the Motion to Alter or Amend Judgment. [Doc. 404]. In the motion, Mr. Bell does not challenge the court's rulings with respect to whether armed bank robbery constitutes a "crime of violence" only under § 924(c)'s unconstitutional residual clause. Instead, Mr. Bell asserts only that the court erred in its consideration of whether his Oklahoma convictions for Robbery by Force and Fear constitute predicate "crimes of violence" pursuant to § 3559.

**II. Legal Standard**

Federal Rule of Civil Procedure 59 applies in habeas proceedings "to the extent that [it is] not inconsistent with any statutory provisions or these rules [Rules Governing Section 2255

Proceedings for the United States District Courts].," Rule 12, *Rules Governing Section 2255 Proceedings for the United States District Courts*.[1] Rule 59(e) permits a court to alter or amend judgment upon a timely motion, commonly referred to as a motion to reconsider.[2] Fed. R. Civ. P. 59(e). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Thus, reconsideration "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* However, a motion to reconsider "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

III. Analysis

To satisfy the requirements of § 2255(h), Mr. Bell's motion must have relied on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). In its May 13, 2021 Opinion and Order, the court concluded that Mr. Bell failed to demonstrate that his claim, insofar as asserted under § 3559(c), was premised on a new rule of constitutional law and, further, that he was sentenced pursuant to § 3559(c)'s residual clause. [Doc. 402, pp. 12-14]. In the present motion, Mr. Bell raises two general arguments in favor of reconsideration: (1) the court misapprehended the relevant law, and (2) a procedural defect exists in the integrity of the habeas proceedings because this court failed to address an issue raised in his successive § 2255 habeas petition—specifically,

---

[1] "A Rule 59(e) motion, unlike a Rule 60(b) motion, does not count as a second or successive habeas application." *Banister v. Davis,* 140 S. Ct. 1698, 1711 (2020).

[2] Mr. Bell timely filed his Rule 59(e) motion within twenty-eight days of the court's May 13, 2021 Judgment as to Mr. Bell's successive § 2255 motion. *See* Fed. R. Civ. P. 59(e).

whether the relevant legal environment at the time of the sentencing suggests that Mr. Bell was sentenced pursuant to the residual clause. [Doc. 404, p. 2, ¶¶ 11-12]. The court separately considers each argument.

     *A.*     *Misapprehension of Relevant Law*

In the present motion, Mr. Bell argues that the court misapprehended the relevant law and specifically cites the U.S. Supreme Court's decision in *Tyler v. Cain,* 533 U.S. 656 (2001). Mr. Bell asserts *Tyler* permits this court to extend the Supreme Court's reasoning in *Johnson*, *Dimaya*, and *Davis* to 18 U.S.C. § 3559(c) and therefore he relied on a new rule of constitutional law. [Doc. 404, p. 2]. However, Mr. Bell raised this argument in his successive § 2255 motion. *In re Michael Bell*, No. 16-5055 (10th Cir. July 13, 2020), Doc. 010110375638, pp. 23, 53-54, and 60. A Rule 59 motion is not appropriate to revisit issues raised in prior briefing and therefore the motion must be denied.

Additionally, Mr. Bell asks the court to apply *Tyler* too broadly. In that case, the Supreme Court interpreted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which "requires a district court to dismiss a claim in a second or successive application unless, as relevant here, the applicant 'shows' that the 'claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" *Tyler,* 533 U.S. at 660 (emphasis altered from original). Although the Court recognized that "[m]ultiple cases can render a new rule retroactive . . . if the holdings in those cases necessarily dictate retroactivity of the new rule," it did not give a *district court* license to cobble together multiple cases and *articulate* a new rule of constitutional law. *See Tyler*, 533 U.S. at 666 (emphasis added); *see generally Cannon v. Mullin,* 297 F.3d 989, 993-94 (10th Cir. 2002). Rather, "[o]nly the Supreme Court can recognize a new constitutional right." *United States v. Greer,* 881 F.3d

7

1241, 1247 (10th Cir. 2018) (emphasis in original).  Thus, as recognized by this court in its May 13, 2021 Opinion and Order, "[w]hile circuit courts can apply the *reasoning* of *Johnson* to support a finding that the residual clause of similarly worded statutes are unconstitutionally vague on direct appeal, . . . review under AEDPA is more limited [and] limits federal habeas relief to new constitutional rights recognized by the *Supreme Court*."  *Greer,* 881 F.3d at 1247 (emphasis in original).

Although the reasoning of *Johnson* and *Davis* may suggest that the residual clause of § 3559(c) is unconstitutional, the U.S. Supreme Court has not held it to be so.  A holding by the U.S. Supreme Court is necessary.  Thus, Mr. Bell has not shown that his successive § 2255 motion, insofar as it is premised on § 3559(c), relies on a new rule of constitutional law recognized by the U.S. Supreme Court as required by § 2255(h).  Dismissal of Mr. Bell's § 3559(c) claim was warranted for this reason alone.

B.   *Procedural Defect in Habeas Proceedings*

As previously stated, Mr. Bell asserts that the court failed to address whether the relevant legal environment at the time of his sentencing suggests that he was sentenced pursuant to the residual clause.  The court's May 13, 2021 Opinion and Order addressed the issue, [Doc. 402, pp. 12-13], but, in the interest of clarity, the court provides the following additional analysis.

As stated by the court in the May 13, 2021 Opinion and Order, to succeed in collaterally attacking his sentence, Mr. Bell must show that it is more likely than not that he was sentenced under § 3559's residual clause.  *United States v. Copeland*, 921 F.3d 1233, 1239, 1242 (10th Cir. 2019).  "To determine whether the sentencing court relied on the residual clause, [the court] examine[s] (1) 'the sentencing record to confirm that there is no mention whatsoever of the residual clause in the PSR or any of the other sentencing court pleadings or transcripts,' and (2) 'the relevant

background legal environment at the time of sentencing to determine whether the district court would have needed to rely on the residual clause.'" *Id.* at 1242 (internal quotations omitted) (quoting *United States v. Driscoll*, 892 F.3d 1127, 1132 (10th Cir. 2018)). "The § 2255 movant bears the burden of proving by a preponderance of the evidence that" the court relied on the residual clause. *Id.* (quoting *Driscoll,* 892 F.3d at 1135).

*Sentencing Record*. "[E]xpress 'mention' of either the residual, [or] elements . . . clause by the sentencing judge at sentencing, in a court order, in a PSR adopted by the sentencing judge, or in a party's motion may be relevant and even sufficient to show whether the sentencing court relied on the residual clause." *Copeland*, 921 F.3d at 1243 (internal footnote omitted) (citing *Driscoll*, 892 F.3d at 1133 n. 2). As previously stated by this court in its May 13, 2021 Opinion and Order, Mr. Bell concedes that, at his July 30, 2007 sentencing, the government did not explicitly rely on the enumerated offense, elements, or residual clause definition of "serious violent felony" in § 3559. [Doc. 390, p. 4, ¶ 20]. Further, in the appellate briefing, the government did not explicitly rely on § 3559's residual clause as to the robbery convictions (although it did so with respect to Mr. Bell's prior conviction for riot under Oklahoma law). Finally, the Tenth Circuit concluded that "Bell's two prior felony convictions are sufficient to sustain a life sentence," without any discussion of the residual clause. [Doc. 185, p. 12 n.1]. In addition, the court has reviewed the complete Pre-Sentence Report prepared regarding Mr. Bell, which was available on its internal server. It includes no reference to the residual or elements clause as to the robbery convictions.

*Background Legal Environment*. Even when the sentencing record offers no basis to conclude the court relied on either the elements or residual clause, "[t]he movant may meet his burden to show the court relied on the residual clause by establishing that the background law did not permit reliance on the other clause[]." *Copeland*, 921 F.3d at 1244 (citing *Driscoll*, 892 F.3d

9

at 1135). "[T]he relevant background legal environment is, so to speak, a 'snapshot' of what the controlling law was at the time of sentencing." *United States v. Snyder*, 871 F.3d 1122, 1129 (10th Cir. 2017).

Tenth Circuit panels have concluded in unpublished decisions that Robbery by Force under Oklahoma law satisfies the elements clause of the Armed Career Criminal Act's definition of "violent felony," which is identical to the elements clause of § 3559 but for the maximum term of imprisonment requirement. *See United States v. Goldlock,* 794 F. App'x 725, 728 (10th Cir. 2019) (unpublished) (defendant's 1993 robbery conviction pursuant to § 791 satisfied the elements clause); *United States v. Byers*, 739 F. App'x 925, 928 (10th Cir. 2018) (defendant's 1998 conviction for robbery with a firearm pursuant to § 801 satisfied either elements or enumerated offense clause); *United States v. Hill*, 722 F. App'x 814, 817 (10th Cir. 2018) ("A [1975 or 1985] conviction under § 801 therefore required proof of the use, threatened use, or attempted use of physical force.").[3] These cases are persuasive and there is no indication that Judge Cook would have applied the law any differently in this case in 2007. Mr. Bell has not shown that the relevant law at the time of his sentencing would have required the court to rely on the residual clause. Mr. Bell therefore fails to satisfy his burden to demonstrate a likelihood that he was sentenced pursuant to § 3559's residual clause. Dismissal of Mr. Bell's § 3559(c) claim was warranted for this

---

[3] Mr. Bell directs the court to a decision of the U.S. District Court for the District of North Dakota, wherein the court reasoned that, because degree of force is immaterial under Oklahoma law, Robbery by Force does not qualify as an ACCA predicate offense. *See Eaton v. United States,* No. 16-CV-135, 2017 WL 3037435, at **6-7 (D.N.D. July 18, 2017). However, a 2017 decision by a federal district court in North Dakota cannot be said to constitute "the relevant background legal environment at the time of sentencing" in 2007. *Snyder*, 871 F.3d at 1129. Nor is the case persuasive, as a Tenth Circuit panel rejected a similar argument in *Goldlock.*

additional reason.  In the alternative, Mr. Bell's successive § 2255 motion was properly denied on this basis.[4]

## IV. Conclusion

WHEREFORE, the Motion to Alter or Amend Judgment [Doc. 404] of defendant Michael Dewayne Bell is denied.

IT IS SO ORDERED this 12th day of May, 2022.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma

---

[4] Because no alteration or amendment is warranted to the court's May 13, 2021 Judgment, reconsideration of five motions related to Mr. Bell's successive § 2255 motion is not warranted. *See* [Doc. 402, pp. 15-16].